UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE TREASURER,

    Plaintiff,                                      Lower Court Docket No. 12-004551-CZ

v                                                         Hon. Paul D. Borman

RONALD LACASSE, #809527,
and HILLIARD LYONS,

    Defendants.
_____/

BILL SCHUETTE
Attorney General

MOE FREEDMAN (P74224)
Assistant Attorney General
Attorneys for Respondent
Cadillac Place
3030 W Grand Blvd, Suite 10-200
Detroit, MI  48202
(313) 456-0140
(313) 456-0291-Fax

RONALD LACASSE, #809527
Central Michigan Correctional Facility
320 N. Hubbard St.
St. Louis, MI  48880
In Pro Per
_____/

## MOTION FOR REMAND

        NOW COMES Plaintiff-Appellee, STATE TREASURER, by and through his attorneys, BILL SCHUETTE, Attorney General of Michigan and Moe Freedman, Assistant Attorney General and for his Motion states as follows:

1

1. This action was commenced in the State of Michigan, Wayne County Circuit Court, to recover the cost of incarceration of Defendant Ronald LaCasse #809527 pursuant to the *State Correctional Facility Reimbursement Act* ("SCFRA"), MCL 800.401 *et seq.* (See Exhibit 1, State Court Complaint).

2. On April 17, 2012, Defendant LaCasse was served with the Summons, Complaint, and Motion for Ex Parte Show Cause Order and Order Appointing Receiver (See Exhibit 2, copies of pleadings and Proof of Service).

3. On May 21, 2012, Defendant LaCasse served the Plaintiff State Treasurer with a Notice of Removal under 28 USC §§1441 and 1446 indicating that he was removing the case to this Court.

4. The removal notice alleges that funds in his IRA account are protected by ERISA and the Consumer Credit Protection Act.

5. Defendant appears to seek removal of this case to federal court based upon the anti-alienation provisions of the *Employee Retirement Income Security Act* ("ERISA"), 29 USC §1000 *et seq.*, specifically, §1056(d)(1) and the preemption provisions of 29 USC §1144(a).

6. An action brought originally in state court may be removed to federal court pursuant to 28 USC §1441(a) only if it is an action which could have been brought originally in federal district court.

7. MCL 800.404(1) provides that the state circuit court in the county in which defendant was sentenced has exclusive jurisdiction over SCFRA cases.

8. A defendant may not remove a case to federal court unless the plaintiff's complaint established that the case arises under federal law.

9. A review of the Complaint filed in this case indicates that Plaintiff bases its claim exclusively on state law.

10. ERISA specifically excludes IRA accounts from its protections. *In re Houck*, 181 BR 187, 191-192 (Bank ED Pa, 1995) citing 29 USC Sect. 1051(6) and 29 CFR Sect. 2510.3-2(d)

11. The Federal Consumer Credit Protection Act does not apply to cases under the State Correctional Facility Reimbursement Act. *State Treasurer v Gardner*, 459 Mich 1; 583 NW2d 687 (1998).

12. This case does not fall within the original jurisdiction of this Court. It is incontrovertible that the federal district courts do not have original jurisdiction over a state action based upon a state statute alleging the defendant breached a state law. *Goluban v Riverview Community School District*, 678 F Supp 688 (ED Mich 1988), citing *Franchise Tax Board v Construction Laborers Vacation Trust for Southern California*, 463 US 1; 103 S Ct 2841; 77 L Ed 2d 420 (1983).

13. Under 28 USC §1447(c), if at any time before final judgment it appears that a case was not within the original jurisdiction of the court and therefore not properly removable, the district court must remand the case.

14. Defendant LaCasse's defense of federal preemption, even if it were valid, does not transform this state cause of action into a case arising under federal law. A defendant may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case "arises under" federal law. *Goluban, supra*.

15. Pursuant to 28 USC §1447(c), if a case is not within the original jurisdiction of the federal district court and therefore not properly removable, the federal district court must remand the case back to state court.

16. Since Defendant LaCasse is currently incarcerated, Plaintiff is unable to comply with local rule LR 7.1(a)(2).

WHEREFORE, Plaintiff respectfully requests that this Court remand this case to the State of Michigan, Wayne County Circuit Court.

Respectfully submitted,

BILL SCHUETTE
Attorney General

/s/ Moe Freedman
Moe Freedman (P74224)
Assistant Attorney General
Cadillac Place
3030 W. Grand Blvd., Ste. 10-200
Detroit, MI 48202
(313) 456-0140
(313) 456-0291-Fax

Dated: June 1, 2012

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE TREASURER,

        Plaintiff,                         Lower Court Docket No.
                                                    12-004551-CZ

v                                                        Hon. Paul D. Borman

RONALD LACASSE, #809527,
and HILLIARD LYONS,

        Defendants.
_____/

BILL SCHUETTE
Attorney General

Moe Freedman (P74224)
Assistant Attorney General
Attorneys for Respondent
Cadillac Place
3030 W Grand Blvd, Suite 10-200
Detroit, MI 48202
(313) 456-0140
(313) 456-0291-Fax

Ronald LaCasse, #809527
Central Michigan Correctional Facility
320 N. Hubbard St.
St. Louis, Michigan 48880
In Pro Per
_____/

## BRIEF IN SUPPORT OF MOTION FOR REMAND

## STATEMENT OF FACTS

This case was originally filed in the Wayne County Circuit Court pursuant to the State Correctional Facility Reimbursement Act (SCFRA); MCL 800.-401 *et seq.*; Plaintiff brought suit to recover the cost of incarceration for Defendant Ronald LaCasse, #809527.

Defendant LaCasse has an IRA account with Defendant Hilliard Lyons. The Plaintiff sued LaCasse freezing the account and asking the court to award the State 90% of the asset as reimbursement for the cost of his care in prison: *State Treasurer v Ronald A. LaCasse #809527*, Wayne County Case No. 12-004551-CZ.

On May 21, 2012, Defendant LaCasse filed a *Notice of Removal* under *28 USC §1446*, seeking to remove the SCFRA case to this Court based upon his asserted defense in this action that the bequest he is due to receive is protected by the provisions of the *Employee Retirement Income Security Act* (ERISA), 29 USC §1000 *et seq.*, as well as his assertion that the action under the SCFRA violates the *Consumer Credit Protection Act* 15 USC §1673. Therefore, Defendant LaCasse seeks removal to this Court pursuant to 29 USC §1056(d)(1) and 29 USC §1144(a).

2

## ARGUMENT

### A DEFENDANT MAY NOT REMOVE A CASE TO FEDERAL COURT PURSUANT TO 28 USC 1441(a) ON THE SOLE BASIS THAT AN ASSERTED DEFENSE IN THE STATE CAUSE OF ACTION MAY BE COVERED BY FEDERAL LAW

Defendant LaCasse appears to have requested removal pursuant to 28 USC §1441(a). That section states in relevant part:

> [a]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the united States for the district and division embracing the place where such action is pending.

This section clearly states that an action brought initially in state court may be removed to federal court if it is an action that could have been brought originally in federal district court. The federal district court does not have original jurisdiction over a SCFRA action. The State Correctional Facility Reimbursement Act, MCL 800.404(1), states in relevant part:

> **The circuit court shall have exclusive jurisdiction over all proceedings under this act.** The attorney general may file a complaint in the circuit court for the county from which a prisoner was sentenced....

The SCFRA clearly states that the state circuit court of the county in which the prisoner was sentenced has exclusive jurisdiction over all SCFRA proceedings. It is incontrovertible that the federal district courts do not have original jurisdiction over SCFRA actions. Under 28 USC 1447(c), if at any

3

time before final judgment it appears that a case was not within the original jurisdiction of the court and therefore not properly removable, the district court <u>must</u> remand the case. *Goluban v Riverview Community School District*, 678 F Supp 688 (E.D. Mich 1988), citing *Franchise Tax Board v Construction Laborers Vacation Trust for Southern California,* 463 US 1; 103 S Ct 2841; 77 L Ed 2d 420 (1983). This SCFRA case is not within the original jurisdiction of this Court, and therefore must be remanded to the State of Michigan, Wayne County Circuit Court.

Defendant LaCasse claims that this Court should permit removal because the IRA account is subject to the provisions of the Employee Retirement Income Security Act (ERISA), 29 USC §1000 *et seq.* Apparently he seeks removal pursuant to the anti-alienation provisions of ERISA at 29 USC §1056(d)(1) and the preemption provisions of 29 USC §1144(a). IRA accounts, however, are specifically exempted from ERISA *In re Houck*, 181 BR 187, 191-192 (Bank ED Pa, 1995) citing 29 USC Sect. 1051(6) and 29 CFR Sect. 2510.3-2(d). Even if estate proceeds were protected by ERISA, this case cannot be removed based solely upon issues raised in the defense of a purely state court action.

Defendant LaCasse also claims that this court should view his IRA account as protected as "earnings" within the provisions of the Federal Consumer Credit Protection Act, which restricts garnishments, and should

4

therefore permit removal because of this additional purported federal question. The Federal Consumer Credit Protection Act does not apply to cases under the SCFRA. *State Treasurer v Gardner*, 459 Mich 1; 583 NW2d 687 (1998).

This case was brought pursuant to SCFRA, which is exclusively a state cause of action. Pursuant to 28 USC §1441(a), a party seeking to remove to federal court must demonstrate that the complaint contains a federal question or reflects a complete diversity of citizenship among the litigants. *McNamara v Arms Technology, Inc*, 71 F Supp 2d 710, 721 (E.D. Mich 1999). There is no diversity of citizenship in this case, as the Plaintiff is the State of Michigan and Defendant is a resident of Michigan. Therefore, this Court must determine whether a federal question exists.

To determine whether a federal question exists, courts look to the "*well-pleaded complaint*" rule. This rule provides that a defendant may not remove a case from state to federal court unless it is clear from the face of the complaint that a federal question has been raised. *Id.* at 722; *Simmons v Daimler-Chrysler Corp,* unpublished at 2000 WL 424198 (E.D. Mich 2000); *Nelson v Associates Financial Services Company of Indiana, Inc*, 79 F Supp 2d 813, 816 (W.D. Mich 2000). On the face of the Complaint filed in this case no federal question is raised. The Complaint clearly indicates that Plaintiff brought suit pursuant to SCFRA, which is exclusively a state cause of action.

The party seeking to litigate in federal court bears the burden of establishing the existence of subject matter jurisdiction. *Id.* at 815, citing *McNutt v General Motors Acceptance Corp*, 298 US 178, 189; 56 S Ct 780; 80 L Ed 1135 (1936). Defendant merely states in his Notice of Removal that he seeks removal pursuant to ERISA its alienation provisions, and the Consumer Credit Protection Act's garnishment provisions, as well as a general claim that the Federal Court has original jurisdiction because the Consumer Credit Protection Act is law "arising under laws regulating interstate commerce".

Defendant's preemption defense is not sufficient to present a federal question constituting cause for removal to this court. *Caterpillar, Inc v Williams*, 428 US 386, 393; 107 S Ct 2425, 2430; 96 L Ed 2d 318 (1997), cited in *Simmons, supra*. A defense based upon federal law (as Defendant relies on ERISA and the Consumer Credit Protection Act in this case) does not transform an otherwise state-created cause of action into a case "arising under" federal law. *Goluban, supra* at 689. *See also Warner v Ford Motor Co, 46 F 3d 531, 534 (6th Cir 1995).* Further, a case may not be removed to a federal court in anticipation of a federal defense, even if the defense is anticipated in the complaint. *McNamara, supra* at 722.

The United States Court of Appeals for the 6th Circuit in the case of *Wright v General Motors*, 2001 FED App. 0292P, stated:

6

> As we found in *Warner*, [s]tate causes of action not covered by § 1132(a)(1) (B) may still be subject to a preemption claims under § 1144(a) . . . because the state law at issue may 'relate to' a pension or employee benefit plan. But such actions are not subject to removal. *Warner*, 46 F.3d at 535. It may be that this claim is subject to a preemption claim under § 1144(a). However, we decline to reach that issue because "state courts are competent to decide whether ERISA has preempted [the] state law claims." *NGS Am., Inc. v Jefferson*, 218 F.3d 519, 530 (6th Cir. 2000). Instead, we base our decision on the finding that Wright's claim is not completely preempted by ERISA because it is not a § 1132(a)(1)(B) claim for benefits or rights under an ERISA plan.

This Court need not order removal for the sole purpose of applying federal law to the state cause of action. A state court has authority to adjudicate a case that contains an issue touching upon federal law. *Simmons, supra*. This Court should look to the clear language of 28 USC 1441(a) to decide whether this case should be removed to federal court.

## CONCLUSION AND RELIEF

Defendant LaCasse bases his request for removal on an issue raised in defense: that his inheritance is protected by ERISA's preemption provision, and that the SCFRA action is barred by the Consumer Credit Protection Act. These are not sufficient causes for removal.

A review of Plaintiff's Complaint indicates that there is no federal question in this state cause of action. A federal defense to a state cause of action is insufficient grounds for removal. Pursuant to 28 USC §1447(c), this Court must remand this case to the state court from which it was removed.

WHEREFORE, Plaintiff respectfully requests that this Court remand this case to the State of Michigan, Wayne County Circuit Court for lack of jurisdiction.

Respectfully submitted,

BILL SCHUETTE
Attorney General

/s/ Moe Freedman
Moe Freedman (P74224)
Assistant Attorney General
Cadillac Place
3030 W. Grand Blvd., Ste. 10-200
Detroit, MI 48202
(313) 456-0140
(313) 456-0291-Fax

Dated: June 1, 2012

8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE TREASURER,

    Plaintiff,

v

RONALD LACASSE, #809527,
and HILLARD LYONS,

    Defendants.
_____/

Lower Court Docket No. 12-004551-CZ

Hon. Paul D. Borman

## PROOF OF SERVICE

On the date below, I sent by first class mail a copy of the Motion for Remand and Brief In Support of Motion for Remand to:

Ronald Lacasse, #809527
Central Michigan Correctional Facility
320 N. Hubbard
St. Louis, MI 48880

Hillard Lyons
500 West Jefferson St.
Louisville, KY 40202

I declare that the statements above are true to the best of my information, knowledge and belief.

Date: June 4, 2012

/s/ Gabrielle Zoldos
Gabrielle Zoldos
Legal Secretary
Cadillac Place
3030 W. Grand Blvd. Ste. 10-200
Detroit, MI 48202
(313) 456-0140
(313) 456-0291 - Fax