UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE TREASURER,

                Plaintiff,         Case No. 12-12215

v.                                   Honorable Paul D. Borman
                                           Magistrate Judge David R. Grand

RONALD LACASSE and
HILLIARD LYONS,

                Defendants.
_____/

**REPORT AND RECOMMENDATION ON
STATE TREASURER'S MOTION FOR REMAND [2]**

Before the court is the Michigan State Treasurer's Motion to Remand this action back to the Wayne County Circuit Court, from which defendant Ronald LaCasse removed it. [2]. An Order of Reference [4] was entered on June 8, 2012, referring this motion to the undersigned for a determination pursuant to 28 U.S.C. §636(b)(1)(B).

Generally, the court will not hold a hearing on a motion in a civil case in which a party is in custody. *See* L.R. 7.1(f). Here, the court finds that the facts and legal issues are adequately presented in the briefs, and it declines to order a hearing at this time.

## I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that the State Treasurer's Motion for Remand [2] be **GRANTED**.

## II.    REPORT

### A.    Background

On April 3, 2012, the State Treasurer filed a Complaint against Ronald LaCasse in the Wayne County Circuit Court for the State of Michigan (Case No. 12-004551-CZ). (Doc. #1 at 8-

11). LaCasse is a state prisoner housed at the Central Michigan Correctional Facility in St. Louis, Michigan. In his Complaint, the State Treasurer seeks to recover from LaCasse the cost of his incarceration pursuant to the State Correctional Facility Reimbursement Act ("SCFRA"), MCL 800.401 *et seq.* On April 17, 2012, LaCasse was served with the Summons, Complaint, Motion for Ex Parte Show Cause Order, and Order Appointing Receiver.[1] (*Id.* at 7-17).

On May 21, 2012, LaCasse filed a Notice of Removal (Doc. #1), removing the case to this court pursuant to 28 U.S.C. §§1441 and 1446 on the basis of federal question jurisdiction. Specifically, LaCasse asserted in his Notice of Removal that jurisdiction is proper in this court because his Individual Retirement Account ("IRA"), which the State Treasurer seeks to freeze (and then apply towards LaCasse's incarceration costs), is protected by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1000 *et seq.*, and because the State Treasurer's SCFRA action purportedly violates the federal Consumer Credit Protection Act, 15 U.S.C. §1672 *et seq.* (Doc. #1 at 2-3).

On June 4, 2012, the State Treasurer filed a Motion to Remand, arguing that there is no basis for removal of this action to federal court. (Doc. #2). LaCasse filed a response to this motion on July 5, 2012, in which he continued to argue that removal was appropriate because the State Treasurer's SCFRA claim is preempted by both ERISA and the federal Consumer Credit Protection Act. (Doc. #6).

    B.    **Law and Analysis**

Federal courts are courts of limited jurisdiction and, in removal actions, the removing

---

[1] Hilliard Lyons also was named as a defendant in this action because LaCasse has an Individual Retirement Account ("IRA") with that entity. On April 30, 2012, Hilliard Lyons, which the state court had appointed receiver over LaCasse's IRA, filed an Answer to the State Treasurer's Complaint, specifically asserting that it "has no interest in this [IRA] account and does not intend to, nor does it now, contest Plaintiff's Complaint . . . ." (*Id.* at 18-19).

2

party bears the burden of establishing federal subject matter jurisdiction.  *See Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453-54 (6th Cir. 1996).  Removal statutes are to be strictly construed, and any doubt should be resolved in favor of remand.  *See Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999).

Generally, a defendant may remove an action only if the case originally could have been brought in federal court.  *See* 28 U.S.C. §1441(a).  In a case such as this, where no diversity of citizenship is alleged, federal question jurisdiction is required.  *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  "'In determining whether a claim arises under federal law for purposes of removal, [a court] must examine the well-pleaded allegations on the face of the complaint and ignore any potential defenses.'"  *State Treasurer v. Pennington*, 2011 WL 3440761, at *2 (E.D. Mich. Aug. 5, 2011) (quoting *Paluda v. ThyssenKrupp Budd Co.*, 303 F. App'x 305, 308 (6th Cir. 2008)).  A case may not be removed to federal court on the basis of a federal defense, including the defense of preemption.  *See Michigan State Treasurer v. Dellinger*, 2006 WL 3298314, at *1 (W.D. Mich. Nov. 14, 2006) (citing *Caterpillar Inc.*, 482 U.S. at 393).  As the *Dellinger* court held:

> Contrary to defendant's assertion, the purpose of removal is not to give a litigant a federal forum for *all* federal issues.  Rather, removal is allowed only if *plaintiff's claim* arises under federal law.  The existence of a federal defense, even a meritorious one, is insufficient.

*Id.* at *1 (emphasis in original).

In this case, the SCFRA claim brought by the State Treasurer arises solely under state law.  Indeed, the SCFRA explicitly provides that the state circuit court in the county in which the defendant was sentenced has exclusive jurisdiction over SCFRA cases.  *See* MCL 800.404(1).  Thus, the State Treasurer could not have filed his complaint in federal court.  LaCasse's asserted preemption defenses cannot turn this case into one arising under federal law.  *See Pennington*,

*supra* at *2.

In his response to the State Treasurer's motion to remand, LaCasse argues that removal is justified under the complete preemption doctrine. (Doc. #6 at 5). It is true that federal jurisdiction may exist to make removal appropriate if federal law *completely* preempts the subject matter of the conflicting state law claim. "In the context of ERISA, complete preemption occurs only when the action 'is equivalent to a civil enforcement action under 29 U.S.C. §§1132(a)(1)(B).'" *Dellinger, supra* at *3 (quoting *Michigan Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 735 (E.D. Mich. 2002)). A claim under §1132(a)(1)(B) is one that seeks benefits on behalf of a plan participant or beneficiary. *Dellinger, supra* at *3. State law claims that merely "relate to" an ERISA plan but that do not seek such relief may be subject to a preemption defense, but they are not removable to federal court. *See Michigan State Treasurer v. Wilson*, 2008 WL 275681, at *1 (E.D. Mich. Jan. 31, 2008).

In this case, the State Treasurer seeks an order under the SCFRA putting a hold (freeze) on LaCasse's IRA with Hilliard Lyons so that the State Treasurer can then seek to recover from LaCasse. In doing so, the State Treasurer is not bringing suit as a "participant or beneficiary" of the plan, and is not seeking to recover benefits due, enforce his rights, or clarify his rights to future benefits under the plan. *See* 29 U.S.C. §1132(a)(1)(B). Indeed, the State Treasurer has no rights under the plan whatsoever. Therefore, the State Treasurer's action against LaCasse is not the equivalent of an enforcement action under ERISA.

Moreover, in his response brief, LaCasse does not allege that the State Treasurer is bringing an enforcement action; rather, he merely asserts that the State Treasurer's claim "relates to" an ERISA plan and that he has removed the case to federal court pursuant to ERISA's anti-alienation provision (29 U.S.C. §1056(d)(1)). (Doc. #6 at 8, 11). Even if the State Treasurer's

4

action implicates ERISA's anti-alienation provision as a defense, however, it is not the equivalent of an enforcement action. Thus, the State Treasurer's SCFRA claim is not completely preempted by ERISA and is not removable.[2] *See Dellinger*, *supra* at *3. In numerous cases akin to the instant one, where the State Treasurer has sued a prisoner to collect costs of incarceration under the SCFRA, an asserted defense of ERISA preemption has been deemed insufficient to justify removal to federal court.[3] *See, e.g., Pennington, supra* at *2-3; *State Treasurer v. Wilson*, 2008 WL 506544 (E.D. Mich. Feb. 22, 2008); *State Treasurer v. Wilson*, 2010 WL 1949569 (W.D. Mich. May 14, 2010); *State Treasurer v. Sprague*, 2006 WL 1997128 (E.D. Mich. July 14, 2006); *Michalec*, 191 F. Supp. 2d at 735-36; *State Treasurer v. Bedwell*, 2006 WL 2125460 (E.D. Mich. July 27, 2006).

Lastly, LaCasse argues that removal is appropriate because the State Treasurer's SCFRA action violates the garnishment restrictions contained in the federal Consumer Credit Protection Act. (Doc. #1 at 2-3). As the State Treasurer correctly points out, the Michigan Supreme Court has held that the federal Consumer Credit Protection Act does not apply to cases brought

---

[2] The Sixth Circuit has held that various SCFRA provisions violate ERISA's anti-alienation provisions and, thus, are preempted by ERISA. *See DaimlerChrysler Corp. v. Cox*, 447 F.3d 967 (6th Cir. 2006). However, *DaimlerChrysler* is distinguishable in that it was an original action in federal court brought by a plan administrator seeking declaratory relief to avoid having to follow state court notices. Therefore, it did not address the removability of cases initiated in state court. Since then, courts have held that "the existence of an arguably meritorious defense to Plaintiff's SCFRA claim does not permit removal of this case to federal court. Rather, such a defense must be decided in the state courts and is subject to certiorari review in the United States Supreme Court." *Dellinger*, *supra* at *4, n. 1. Moreover, the Michigan Supreme Court has specifically rejected an argument that the SCFRA violates ERISA's anti-alienation provisions. *See State Treasurer v. Abbott*, 468 Mich. 143 (2003).

[3] In his motion to remand, the State Treasurer also argues that removal is not appropriate because LaCasse's IRA is not protected by ERISA. (Doc. #2 at 3). While the court need not reach this issue, having found removal inappropriate on other grounds, it does note that other courts have held that ERISA applies only to employee benefits or pension plans, not to funds in a private IRA. *See Wilson*, 2010 WL 1949569, at *1 (citing 29 U.S.C. §1003(a)); *see also Selflube, Inc. v. JJMT, Inc.*, 278 Mich. App. 298, 316 (2008) ("Once the funds are in an IRA, they are no longer protected by ERISA.").

pursuant to the SCFRA. *See State Treasurer v. Gardner*, 459 Mich. 1, 7-8 (1998). The court is not aware of any federal court holding to the contrary. The *Gardner* court's reasoning, which this court finds persuasive, is that the Consumer Credit Protection Act "regulate[s] garnishment in its usual sense as a levy on periodic payments of compensation needed to support the wage earner and his family on a week-to-week, month-to-month basis." *Id.* (quoting *Kokoszka v. Belford*, 417 U.S. 642, 651 (1974)). Here, the proposed levy is not on LaCasse's periodic forthcoming earnings needed for present support. Rather, as in *Gardner*, the levy "involves a prisoner who is properly required to compensate the citizenry for the cost of incarceration. [LaCasse] is not the victim of a debtor-creditor relationship gone bad…." *Id.* Accordingly, LaCasse's Consumer Credit Protection Act argument cannot save this action's improper removal.

### III.  CONCLUSION

For the reasons set forth above, **IT IS RECOMMENDED** that the State Treasurer's Motion for Remand [2] be **GRANTED**.

Dated: October 26, 2012                            s/ David R. Grand
                                                   DAVID R. GRAND
                                                   UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431

F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 26, 2012.

s/Felicia M. Moses  
FELICIA M. MOSES  
Case Manager