UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE TREASURER,

        Plaintiff,

                                      Case No. 12-cv-12215

v.

                                      Paul D. Borman
                                      United States District Judge

RONALD LACASSE and
HILLIARD LYONS,                        David R. Grand
                                      United States Magistrate Judge

        Defendants.
_____/

**OPINION AND ORDER**
**(1) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**(Dkt. No. 14), and**
**(2) GRANTING THE STATE TREASURER'S MOTION FOR REMAND (Dkt. No. 2)**

Plaintiff State Treasurer of Michigan filed the Complaint in this matter on April 3, 2012. Defendants Ronald LaCasse and Hilliard Lyons were served on April 17, 2012. On May 21, 2012, Defendant LaCasse, proceeding *pro se*, filed a Notice of Removal in this Court. (Dkt. No. 1.)

On June 4, 2012, Plaintiff filed a Motion for Remand. (Dkt. No. 2.) On June 8, 2012, the Court referred Plaintiff's motion to a United States Magistrate Judge for a report and recommendation. (Dkt. No. 4.) Defendant LaCasse filed a response on July 5, 2012. (Dkt. No. 6.) On October 26, 2012, the Magistrate Judge filed a Report and Recommendation that Plaintiff's Motion for Remand be granted. (Dkt. No. 14.) Defendant LaCasse filed objections to the Report and Recommendation on November 13, 2012. (Dkt. No. 15.)

For the reasons stated below, the Court will:

(1) ADOPT the Magistrate Judge's Report and Recommendation, and

1

(2) GRANT Plaintiff's Motion for Remand.

## I. BACKGROUND

Defendant LaCasse is currently incarcerated at the Central Michigan Correctional Facility in St. Louis, Michigan. Plaintiff filed the Complaint in this matter seeking reimbursement for the costs of Defendant LaCasse's incarceration, pursuant to the State Correctional Facility Reimbursement Act ("SCFRA"), Mich. Comp. Laws § 800.401, *et seq*. Specifically, Plaintiff sought reimbursement from funds currently held in Defendant LaCasse's Individual Retirement Account ("IRA").

In his Notice of Removal, Defendant LaCasse asserts that Plaintiff's claims against his IRA are preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1000, *et seq*. Defendant LaCasse also argues that Plaintiff's claims violate the garnishment restrictions set forth under the Consumer Credit Protection Act ("CCPA"), 15 U.S.C. § 1672.

## II. STANDARD OF REVIEW

When a party objects to a portion of a Magistrate Judge's report and recommendation, the Court must review that portion *de novo*. Fed. R. Civ. P. 72(b).

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal-question jurisdiction is required." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). A complaint that contains only state-law claims is removable "when a federal statute wholly displaces the state-law cause of action through complete pre-emption." *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2003). The removing party bears the burden of establishing federal subject-matter jurisdiction. *Paul v. Kaiser Foundation Health Plan of Ohio*, 701 F.3d 514, 520 (6th Cir. 2012).

### III. ANALYSIS

The Magistrate Judge reasoned that Plaintiff's claims under the SCFRA are not preempted by ERISA because Plaintiff State Treasurer did not file this suit as a "participant or beneficiary" of the IRA plan. Plaintiff is not seeking to recover benefits due, or enforce certain rights to future benefits under the IRA plan. *See* 29 U.S.C. § 1132(a)(1)(B) (providing that a civil action may be brought "by a participant or beneficiary[,]" for the purpose of "recover[ing] benefits due to him under the terms of his plan, . . . enforc[ing] his rights under the terms of the plan, or . . . clarify[ing] his rights to future benefits under the terms of the plan . . . ."). The Magistrate Judge also notes that the Michigan Supreme Court has held that the CCPA does not apply to SCFRA cases. *See State Treasurer v. Gardner*, 459 Mich. 1, 7-8 (1988).

In his objections, Defendant LaCasse asserts that he is not only claiming an ERISA preemption defense, but is also asserting a civil enforcement action under ERISA. Defendant also states that he intends to file counterclaims based on federal law, which he contends will provide a basis for subject-matter jurisdiction in this Court. In addition, Defendant argues that the Magistrate Judge erred by addressing the merits of his "claims" under the CCPA.

Defendant LaCasse's arguments in favor of removal are based on various federal defenses he has either asserted, or intends to assert, in response to Plaintiff's SFCRA claim. These federal defenses cannot serve as a basis for federal subject-matter jurisdiction. "[I]t is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar Inc.*, 482 U.S. at 393 (emphasis in original).

Although the United States Supreme Court has held that "the ERISA civil enforcement mechanism is one of those provision with such extraordinary pre-emptive power that it converts an ordinary state common law complaint into one stating a federal claim[,]" *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004) (internal quotation marks omitted), the Plaintiff State Treasurer's claims in this matter are not within the scope of ERISA's civil enforcement mechanism. "A claim is within the scope of [ERISA's civil enforcement mechanism,] § 1132(a)(1)(B) . . . if two requirements are met: (1) the plaintiff complains about the denial of benefits to which he is entitled only because of the terms of an ERISA-regulated employee benefit plan; and (2) the plaintiff does not allege the violation of any legal duty (state or federal) independent of ERISA or the plan terms." *Gardner v. Heartland Indus. Partners, LP*, 715 F.3d 609, 613 (6th Cir. 2013) (internal quotation marks and punctuation omitted). In this case, Plaintiff State Treasurer is not complaining about the denial of benefits to which it is entitled under the terms of an ERISA-regulated plan. As noted by the Magistrate Judge, Plaintiff State Treasurer is not a participant or beneficiary of the IRA plan at issue. Rather, Plaintiff State Treasurer is claiming that it is entitled to money in Defendant LaCasse's IRA based on the SCFRA, due to Defendant LaCasse's incarceration. Plaintiff's claim in this matter is therefore not subject to complete preemption under ERISA's civil enforcement mechanism.

Likewise, Defendant LaCasse's "claim"[1] based on the federal CCPA cannot serve as the basis for federal subject-matter jurisdiction, because it is merely a defense to Plaintiff's SCFRA claim. Furthermore, the CCPA does not completely preempt Plaintiff's SCFRA claim. As the

---

[1] In his Objections to the Magistrate Judge's Report and Recommendation, Defendant LaCasse refers to his "claim" under the CCPA. The Court notes, however, that Defendant has not yet filed an answer or any counterclaims in this matter.

4

Michigan Supreme Court reasoned in *Gardner*, *supra*:

> It is thus apparent that the [CCPA] statute reflects Congress' intention that "predatory extensions of credit" and similar commercial practices not drive debtors into bankruptcy. By limiting the amount that can be garnished from a person's earnings, Congress sought to allow a debtor the means to avoid falling further behind.
>
> The present case, by contrast, involves a prisoner who is properly required to compensate the citizenry for the cost of incarceration. He is not the victim of a debtor-creditor relationship gone bad. Rather, he is simply paying a portion of his current living expenses.
>
> . . . .
>
> Research has produced no case in which a federal court or state court has invoked the federal statute to limit the public right to recover the current cost of providing room, board, supervision, and care to a prisoner. We are satisfied that this case is governed by the state statute alone.

*Gardner*, 459 Mich. at 7-8 (footnote omitted).

Defendant LaCasse's reliance on *Hodgson v. Cleveland Municipal Court*, 326 F.Supp. 419 (N.D. Ohio 1971), and *Donovan v. Hamilton County Municipal Court*, 580 F.Supp. 554 (S.D. Ohio 1984), is misplaced. Neither of these cases hold that a state-law claim is completely preempted, for purposes of subject-matter jurisdiction, by the CCPA.

In sum, neither ERISA nor the CCPA completely preempts the Plaintiff State Treasurer's claims in this matter based on the SCFRA. Defendant LaCasse's defenses based on these federal statutes do not establish federal subject-matter jurisdiction. *Caterpillar Inc.*, 482 U.S. at 393.

## IV. CONCLUSION

For the reasons stated above, the Court will:

(1) **ADOPT** the Magistrate Judge's Report and Recommendation, and

(2) **GRANT** Plaintiff's Motion for Remand.

**IT IS SO ORDERED.**

                                            s/Paul D. Borman  
                                            PAUL D. BORMAN  
                                            UNITED STATES DISTRICT JUDGE

Dated: July 26, 2013

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 26, 2013.

                                            s/Deborah Tofil  
                                            Case Manager